IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RONALD H. JAMES,                          )
                                          )
        Plaintiff,                 )
                                          )
v.                                        )  Case No. CIV-09-331-D
                                          )
DEPARTMENT OF VETERANS AFFAIRS,           )
                                          )
        Defendant.                 )

**O R D E R**

Before the Court is Defendant's Motion for Summary Judgment [Doc. No. 28], which is fully briefed and at issue.[1] Based on the case record, the parties' arguments and the governing law, the Court finds that the Motion should be granted in part and denied in part as set forth below.

**Background**

Plaintiff Ronald H. James is employed at the Oklahoma Veterans Affairs Medical Center ("OVAMC"). He brings suit under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, on claims of age discrimination in a promotion decision and retaliation in later disciplinary and reassignment decisions. Defendant seeks summary judgment in its favor pursuant to Fed. R. Civ. P. 56 on the ground that Plaintiff cannot establish a *prima face* case of age discrimination with regard to the promotion of another employee and, alternatively, that Defendant had legitimate, nondiscriminatory reasons for limiting applicants and Plaintiff cannot establish the decision was because of age. Regarding retaliation, Defendant moves for summary judgment on the grounds that Plaintiff cannot establish a *prima facie* case with regard to a reprimand because it was

---

[1] The Motion is supported by Defendant's opening and reply briefs [Doc. Nos. 28 and 36] and opposed by Plaintiff's response and surreply briefs [Doc. Nos. 32 and 39], all of which have been considered.

not an adverse employment action, and that Defendant had legitimate, nondiscriminatory reasons for both the reprimand and a suspension. Defendant's arguments are primarily based on the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), and the recent decision in *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2352 (2009). Regarding Plaintiff's retaliatory reassignment claim, Defendant asserts that Plaintiff failed to exhaust administrative remedies for this claim.[2]

## Standard of Decision

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id*. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex*, 477 U.S. at 322-23. If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be

---

[2] In its reply brief, Defendant raises a new issue of whether Plaintiff's retaliatory reassignment claim fails for lack of proof, even if Plaintiff exhausted his administrative remedies. Because Defendant raised a new contention (supported by newly submitted evidence) in its reply brief, Plaintiff was permitted to file a surreply brief. Upon consideration of these briefs, the Court finds that genuine disputes of material facts preclude summary judgment on the merits of Plaintiff's retaliatory reassignment claim. Thus, the Court limits its consideration of this claim to the issue of administrative exhaustion, discussed below.

admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials, but may consider other materials in the record." *See* Fed. R. Civ. P. 56(c)(3). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## Statement of Undisputed Facts[3]

Plaintiff began his employment at OVAMC on November 4, 2001. In November, 2004, he was selected to be a contracting specialist intern. In May, 2006, all existing contract specialists at OVAMC were promoted to a grade level of GS-12 due to a national reclassification decision. During Plaintiff's internship, a permanent contract specialist position became available. Another intern, Demarcus Thompson, was selected and assumed the position effective December 26, 2006, at a grade level of GS-11. Effective November 12, 2006, Plaintiff returned to a previous position of patient services assistant with a grade level of GS-6.

Defendant initially promoted Mr. Thompson noncompetitively to a GS-12 grade level in January, 2007, based on the reclassification. However, OVAMC was notified that it needed to announce the position in order to consider Mr. Thompson for promotion because the internship program was only targeted to a GS-11 grade level. The announcement of an available position for a GS-12 contract specialist was made in February, 2007; it limited the area of consideration to

---

[3] This statement includes facts presented by both parties that are supported by the record. Unsupported and immaterial facts are disregarded. All facts are stated in the light most favorable to Plaintiff.

3

"current permanent employees of Acquisition & Marketing Service only." *See* Davidson Decl., Ex. 3 [Doc. 28-2]. A restricted area of consideration for a promotion is permitted under certain circumstances. Defendant contends such circumstance existed here because the contract specialist position had been reclassified to a higher grade but "there was no additional ceiling within the service." *See* Def.'s Mot. Summ. J. [Doc. 28] at 3, ¶ 10.

Although the quoted statement is not well-explained in the briefs, it appears to mean that the service area or department was fully staffed and there was no additional, vacant position to be filled. Plaintiff attempts to dispute this statement in his response to the Motion by stating an "additional ceiling" did exist and submitting his own affidavit. The Court has examined Plaintiff's affidavit, which appears as Exhibit 2 to his brief, but has found no factual support for his position that the Acquisition & Marketing Service was not fully staffed with contract specialists in February, 2007. In his surreply brief, Plaintiff explains his position to be that OVAMC acted improperly when it "noncompetitively filled the contract specialist position at GS 11, filling the only vacancy and creating a 'ceiling' defense." *See* Pl.'s Surreply Br. [Doc. 39] at 6. The Court thus understands that Plaintiff is challenging Defendant's overall selection of Mr. Thompson for the position of contract specialist.

Mr. Thompson received the GS-12 promotion effective February 18, 2007. Plaintiff admits he was not eligible for the announced promotion and did not apply because he was not within the area of consideration, that is, he was not employed in Acquisition & Marketing Service. Plaintiff disputes whether Mr. Thompson met the eligibility criterion of being a "permanent" employee within the meaning of the job announcement. Defendant states that Mr. Thompson's status at the time was "career conditional" and this status is considered non-temporary or permanent. Plaintiff notes, however, that for purposes of federal personnel actions, possible tenure categories are none,

permanent, conditional, or indefinite; and thus, he contends "career conditional" is different from "permanent." Regardless of this dispute, however, it is clear Defendant prepared the job announcement in a way that would permit Mr. Thompson to be promoted but would exclude employees working outside Acquisition & Marketing Service.

Plaintiff initiated the EEO administrative process on March 21, 2007, regarding Defendant's selection and promotion of Mr. Thompson to the GS-12 contract specialist position. Plaintiff complained that he was excluded from consideration for the position due to his age.

Meanwhile, on February 16, 2007, a veteran had complained of rude behavior by Plaintiff. When notified of the complaint and asked to respond, Plaintiff did not deny the behavior but took the position he had "earned the right to make said statement" due to Plaintiff's own military service. *See* Def.'s Mot. Summ. J., Ex. 4 [Doc 28-5]. On April 2, 2007, Defendant gave Plaintiff written notice of a proposed reprimand based on the incident; the written reprimand was finally issued on May 9, 2007. Plaintiff was also informed in early April, 2007, that he was being reassigned for cross-training to another area of service in his position of patient services assistant. Plaintiff was reassigned on April 16, 2007. Plaintiff initiated the EEO complaint process a second time on May 11, 2007, alleging that he had been subjected to reprisal for his age claim.

On August 1, 2007, a veteran/patient reported that Plaintiff had acted in a rude and unprofessional manner. Plaintiff apologized to the patient. On September 4, 2007, Defendant gave Plaintiff written notice of a proposed 5-day suspension based on the incident; the suspension was imposed in October, 2007. Plaintiff initiated the EEO complaint process a third time regarding this discipline. Plaintiff did not challenge the underlying reasons for the suspension but questioned the severity of the discipline and the timing of it.

5

Supervisors at OVAMC are required to promptly investigate complaints made by veterans against employees and to initiate appropriate and timely discipline. A handbook authorizes a range of penalties for conduct infractions, which is intended to serve as a guide for imposing employee discipline. The minimum penalty for a first offense of disrespectful conduct is a reprimand; the maximum penalty is removal. The minimum penalty for a second offense of disrespectful conduct is a 10-day suspension; the maximum penalty is removal. Plaintiff received the minimum discipline for the first incident of rude behavior and below-minimum discipline for the second incident.

**Discussion**

**A.     Administrative Exhaustion**

The ADEA requires a plaintiff to exhaust administrative remedies before filing suit, and in this circuit, administrative exhaustion is a jurisdictional prerequisite to suit under the ADEA.[4] *See Shikles v. Sprint/United Management Co*., 426 F.3d 1304, 1317 (10th Cir. 2005). An unexhausted claim is subject to dismissal for lack of subject matter jurisdiction.[5] *See id*. at 1317-18. Thus, before reaching the merits of Plaintiff's claims, the Court considers the question of administrative exhaustion.

As a federal employee, Plaintiff was required to initiate the administrative process by contacting an EEO counselor to attempt an informal resolution within 45 days of either the allegedly discriminatory matter or the effective date of a personnel action. *See* 29 C.F.R. § 1614.105(a). Plaintiff was then required to file a formal administrative complaint within 15 days after receiving

---

[4] The timeliness of an administrative filing is not jurisdictional; only the failure to file any administrative charge at all is a jurisdictional bar. *See Sizova v. National Inst. of Standards & Tech*., 282 F.3d 1320, 1325 (10th Cir. 2002).

[5] Summary judgment would be an improper consequence of a finding of lack of jurisdiction, and instead, an unexhausted claim should be dismissed. *See id*. at 1318.

6

written notice from the EEO counselor that no informal resolution of the matter had been reached. *See id*. § 1614.105(d); § 1614.106(b). Under the ADEA, administrative remedies are considered to be exhausted when either 180 days have passed after filing a complaint or upon a final agency action. *See id*. § 1614.201(c).

Plaintiff essentially challenges three employment actions: 1) Defendant's selection of another, younger intern for the position of GS-12 contract specialist; 2) Defendant's discipline of Plaintiff – through a reprimand and a suspension – after he complained of age discrimination; and 3) Defendant's reassignment of Plaintiff to a different service area in his position of patient services assistant, after he complained of age discrimination. Defendant contends Plaintiff's third claim – a retaliation claim based upon his reassignment – is unexhausted. Defendant relies on Plaintiff's three formal administrative complaints to support this contention. *See* Def.'s Mot. Summ. J. [Doc. 28] at 21-22.

In response, Plaintiff submits an EEO counselor's report showing Plaintiff initiated contact on May 11, 2007, concerning two reprisal, or retaliation, claims: a written reprimand he received May 10, 2007; and a reassignment of which Plaintiff was informed on April 2, 2007. The report states that no resolution of these matters was reached, and Plaintiff received written notice of his right to file a discrimination complaint on June 11, 2007. The formal administrative complaint bears a signature date of June 12, 2007, and a date-stamp of June 18, 2007. The complaint alleges the dates of the occurrences at issue were April 3, 2007, and May 10, 2007. Defendant assumes both these dates relate to the reprimand.[6] However, Plaintiff argues that the April 3 date could refer to

---

[6] The reprimand was first proposed on April 3, but Plaintiff was permitted a response. It was issued on May 9 and received by Plaintiff on May 10.

the April 2 reassignment notice and simply reflect a mistake.[7]  Plaintiff also presents with his surreply brief a partial copy of an investigative report that was compiled concerning his first two administrative complaints, which were consolidated.  This document suggests that the matter of his reassignment was investigated and addressed during the formal administrative process.[8]  *See* Pl.'s Surreply Br., Ex. 1 [Doc. 39-2] at 2.

On the record presented, it appears that Plaintiff's reassignment claim was administratively exhausted.  To the extent that a conclusive determination cannot be made on the existing record, the Court finds this issue is inappropriate for resolution through summary judgment procedures.  Accordingly, Plaintiff's retaliatory reassignment claim will not be dismissed.  Defendant may, if appropriate, re-urge this issue for further consideration by the Court at trial.[9]

**B.      Age Discrimination**

Under the familiar burden-shifting analysis, Plaintiff must first establish a *prima facie* case of discrimination, and then, if Defendant articulates a legitimate, nondiscriminatory reason for the challenged employment action, Plaintiff must prove that Defendant's stated reasons are pretextual. *See McDonnell Douglas,* 411 U.S. at 802-04.  The Supreme Court ruled in *Gross v. FBL Financial Services, Inc.*, 129 S.Ct. 2343, 2352 (2009), that the ADEA differs from Title VII and requires a plaintiff to prove that "age was the 'but-for' cause of the challenged adverse employment action." Although the decision in *Gross* "created some uncertainty regarding burden-shifting in the ADEA

---

[7] Plaintiff presents a written memorandum dated April 2, 2007, informing him that he would be reassigned effective April 16, 2007.

[8] The Court also notes the dates associated with Plaintiff's reassignment claim – April 2 and April 16 – appear in a formal administrative complaint filed in November, 2011.  *See* Def.'s Mot. Summ. J., Ex 13 [Doc. 28-14].  However, no other information concerning this complaint is presented.

[9] This case will be set for a non-jury trial.  *See* Order 2/11/10 [Doc. 19].

8

context," the court of appeals has recently concluded that "it does not preclude our continued application of *McDonnell Douglas* to ADEA claims." *Jones v. Oklahoma City Pub. Schs.*, 617 F. 3d 1273, 1278 (10th Cir. 2010). Accordingly, the Court is bound by *Jones* to conclude that the *McDonnell Douglas* burden-shifting framework remains applicable to ADEA claims.

"To prove a prima facie case of age discrimination, a plaintiff must show: '1) [he] is a member of the class protected by the ADEA; 2) [he] suffered an adverse employment action; 3) [he] was qualified for the position at issue; and 4) [he] was treated less favorably than others not in the protected class.'" *Jones*, 617 F. 3d at 1279 (quoting *Sanchez v. Denver Pub. Schs.*, 164 F. 3d 527, 531 (10th Cir. 1998)). There is no question Plaintiff is in the protected over-40 age group. The challenged employment action is Defendant's selection and promotion of a younger employee to the position of GS-12 contract specialist – a decision that both constituted an adverse employment action and favored an individual in the below-40 age group. Defendant contends that Plaintiff was not qualified – and, in fact, did not even apply – for the promotion because he was not working in Acquisition & Marketing Service. Further, Defendant presents nondiscriminatory reasons for the sequence of events that led to Mr. Thompson's promotion to a position of contract specialist at the GS-12 grade level.

As discussed above, Plaintiff's age discrimination claim focuses on the manner in which Defendant made its selection and promotion decision. Plaintiff does not dispute the sequence of events but takes the position that Defendant contrived a situation that purposely excluded him from consideration for a vacant position of GS-12 contract specialist. Assuming Plaintiff's evidence to support this contention is sufficient to establish a *prima facie* case of discrimination, the question become whether Plaintiff can show that Defendant's stated reasons for its action are pretextual.

A plaintiff demonstrates pretext by showing either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Texas Dep't Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Under the latter approach:

> A plaintiff demonstrates pretext by producing evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons. Evidence of pretext may include prior treatment of plaintiff; the employer's policy and practice regarding minority employment (including statistical data); disturbing procedural irregularities (e.g., falsifying or manipulating . . . criteria); and the use of subjective criteria.

*Jaramillo v. Colorado Judicial Dep't*, 427 F.3d 1303, 1308 (10th Cir. 2005) (internal quotations and citations omitted).[10] The court of appeals has further held:

> In some instances, evidence that an employer's decision makers harbored a general bias against a protected class may support an inference that the decision makers were influenced by the bias in making a particular employment decision. . . . For evidence of general bias to be pertinent, we require some connection or logical "nexus" between a showing of general bias and a particular employment decision. The general bias must play a *direct role* in the adverse employment decision in the plaintiff's case.

*Turner v. Public Service Co.*, 563 F.3d 1136, 1144 (10th Cir. 2009) (internal quotation and citations omitted; emphasis in original).

After careful consideration of the summary judgment record, the Court concludes that Plaintiff has failed to come forward with sufficient facts or evidence – even when viewed most favorably to Plaintiff as required by Rule 56 – to demonstrate a triable issue of age discrimination or pretext. Plaintiff's only attack on Defendant's explanation for the selection of Mr. Thompson is that Mr. Thompson did not meet the area of consideration listed in the job announcement for the

---

[10] In the context of hiring or promotion decisions, the relative merits of individual employees is not a proper consideration unless there is an "overwhelming" disparity in qualifications or the plaintiff was "markedly better qualified" because courts may not properly second-guess employers' business judgments. *See id*. at 1309-10, 1311.

10

promotion to GS-12 because he was not a "permanent" employee of Acquisition & Marketing Service. Given that Mr. Thompson had already been selected as the intern that would fill the only vacant position of contract specialist, the significance of this factual dispute is unclear. Any error in using the term "permanent" in the job announcement does not appear to undermine Defendant's explanation for its decision or to constitute a disturbing procedural irregularity that would constitute evidence of pretext.

The only evidence on which Plaintiff relies to show that Defendant's selection and promotion of Mr. Thompson was motivated by age discrimination consists of age-related comments apparently made by management-level officials. Plaintiff notes the following statement in the internship program materials published by the Veterans Health Administration: "As the 'baby boomers' approach retirement age, VHA desires to build a cadre of skilled and qualified employees to continue our mission of serving veterans." *See* Pl.'s Resp. Br., Ex. 5 [Doc. 32-6] at 2. This statement appears to refer to the age of persons served by VHA rather than its employees, and has no apparent connection to any particular employment decision. Plaintiff also presents evidence of a "town hall meeting" in which an administrator identified only as "Mr. Gray (Network Director)" reportedly discussed a concern about the "[a]ging population of current employees and how the VA needs to recruit a younger generation of employees to provide care to our veterans in the future." *See id.*, Ex. 6 [Doc. 32-7] at 4. Apparently, this statement was made in June, 2008, and has no connection to OVAMC's hiring or promotion of a contract specialist in late 2006 or early 2007. Thus, it creates no inference of age discrimination by any decision maker involved in the challenged employment action.

In short, the Court finds no basis in the summary judgment record upon which a finding of age discrimination in the selection and promotion of Mr. Thompson over Plaintiff could reasonably

11

be made. Therefore, the Court finds that Defendant is entitled to summary judgment on Plaintiff's age discrimination claim.

**C.     Retaliation**

"To establish a prima facie claim for retaliation, a plaintiff must show that (1) [he] engaged in protected opposition to discrimination; (2) a reasonable person would have found [his] employer's subsequent action to be materially adverse; and (3) a causal connection exists between [his] protected activity and the employer's action." *Semsroth v. City of Wichita*, 555 F.3d 1182, 1184 (10th Cir. 2009); *see McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006). An employer's action is "materially adverse" if it "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006). This standard requires a case-specific, objective inquiry; it requires a court to consider "whether the record contains objective evidence of material disadvantage or merely the bald personal preferences of the plaintiff. If only the latter, the retaliation claim fails." *Semsroth*, 555 F.3d at 1185 (citations omitted); *see McGowan*, 472 F.3d at 742-43.

Applying this standard here, the Court cannot say as a matter of law that Plaintiff's written reprimand did not constitute a materially adverse action. Even before the Supreme Court's decision in *Burlington*, the court of appeals had concluded that a written reprimand could constitute an adverse action if the reprimand made it more likely the employee would be terminated for further infractions. *See Roberts v. Roadway Express*, 149 F.3d 1098, 1104 (10th Cir. 1998). In this case, it appears Defendant utilized a system of progressive discipline in which a reprimand made it more

likely that harsher discipline could follow. Accordingly, the Court rejects Defendant's position that Plaintiff cannot establish a *prima facie* case of retaliation based on his written reprimand.[11]

Assuming Plaintiff can establish a *prima facie* case of retaliation, Defendant also contends Plaintiff cannot show Defendant's stated reasons for his reprimand and suspension were pretextual or that Defendant was motivated by retaliation. The court of appeals has held that retaliatory motive can be inferred "from a close temporal proximity between an employee's protected conduct and an employer's adverse employment action. But unless the [adverse action] is very close in time indeed to the protected activity, . . . a plaintiff cannot rely on temporal proximity alone and must come forward with additional evidence to establish causation." *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1204 (10th Cir. 2008) (citations omitted). Further, the court of appeals "has refused to allow even 'very close' temporal proximity to operate as a proxy for the evidentiary requirement that the plaintiff demonstrate pretext. To raise a fact issue of pretext, [the plaintiff] must therefore present evidence of temporal proximity plus circumstantial evidence of retaliatory motive." *Metzler v. Federal Home Loan Bank*, 464 F.3d 1164, 1172 (10th Cir.2006) (internal quotation and citations omitted).

In this case, Plaintiff relies for proof of retaliatory motive on the timing of events and evidence that no other employees received similar discipline. Plaintiff presents as circumstantial evidence of retaliatory motive testimony of James Morrison, the official who issued Plaintiff's written reprimand and the 5-day suspension, that Mr. Morrison had not reprimanded or suspended

---

[11] The Court notes there is some doubt whether the decision makers regarding Plaintiff's reprimand knew of his protected activity – a complaint against a different department or service – when the discipline was imposed. *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008); *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1176 (10th Cir. 2007) (to establish a causal connection, plaintiff must show the individual who took adverse action knew of his protected activity). However, Defendant does not raise this issue as a ground for summary judgment, and thus, the Court declines to consider it.

any other employee at OVAMC for customer service issues. Also, Plaintiff argues that the timeline of events suggests a pattern of retaliatory conduct in which each EEO contact or complaint was followed closely by a notice of proposed discipline or actual discipline.

Upon consideration of the facts and evidence in the light most favorable to Plaintiff, as required by Rule 56, the Court finds that Plaintiff has demonstrated a genuine dispute of material facts that precludes summary judgment. On the record presented, the Court finds minimally sufficient facts from which an inference of retaliation could reasonably be reached, regardless whether the Court would reach such an inference. Therefore, Defendant is not entitled to summary judgment on Plaintiff's retaliation claims.

## Conclusion

For these reasons, the Court finds that Defendant is entitled to summary judgment on Plaintiff's age discrimination claim, but that genuine disputes of material facts preclude summary judgment on Plaintiff's retaliation claims.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 28] is GRANTED in part and DENIED in part. Defendant is entitled to summary judgment on Plaintiff's claim of age discrimination. However, Plaintiff's claims of retaliation in his reprimand, suspension, and reassignment remain for trial.

IT IS SO ORDERED this 10th day of March, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE